**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3268-19

PHILIP FLUKER,

    Plaintiff-Appellant,

v.

NEW JERSEY STATE POLICE,

    Defendant-Respondent.

_____

> Submitted March 15, 2021 – Decided July 26, 2021
>
> Before Judges Messano and Smith.
>
> On appeal from the New Jersey Division of State Police.
>
> Frederick Coles, III, attorney for appellant.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Francis A Raso, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Philip Fluker appeals the denial of his motion for reconsideration of the final agency decision by the New Jersey State Police (NJSP). The NJSP Acting Superintendent (Superintendent) adopted the initial decision of the Administrative Law Judge (ALJ), who, after making findings, denied renewal of petitioner's security company ownership license and revoked his armed security officer's certificate of registration. We affirm for the reasons set forth below.

On November 10, 2016, petitioner, the owner of a security company, was denied a renewal application for a permit to carry a handgun. He appealed the denial twice, filing appeals dated December 7 and December 16, 2016, before Judge Alfonse J. Cifelli. On January 26, 2017, petitioner withdrew both appeals. The judge entered an order memorializing the withdrawal and barring petitioner from carrying a "handgun under any and all circumstances," noting that petitioner's previous permit to carry expired December 14, 2016.

On November 14, 2017, petitioner filed an application for renewal of his armed security officer certificate. Nearly three months later, on February 6, 2018, petitioner filed a different renewal application for his security company owner's license. In a letter dated March 6, 2018, the NJSP denied the owner's license renewal application pursuant to N.J.S.A. 45:19A-3(b), citing false

A-3268-19

statements in petitioner's application as the reason. The NJSP specifically identified petitioner's inaccurate answers to two questions in the application questionnaire:

> Question: Has any license or permit issued to you ever been denied, suspended or revoked anywhere?
>
> Answer: No.
>
> Question: Have you ever been [denied] a permit to purchase a handgun, a permit to carry a handgun, or a Firearms Identification card in this state or any other?
>
> Answer: No.

Simultaneously, the NJSP revoked petitioner's armed security officer certificate of registration pursuant to N.J.S.A. 45:19A-4(e), citing his inaccurate answer in the application to the following question:

> Question: Has any license or permit been denied, suspended or revoked anywhere?
>
> Answer: No.

The petitioner was ordered to surrender his company certificate, his owner card, and his armed security officer certification.

The petitioner appealed, and the matter was transferred to an ALJ. The ALJ granted the NJSP's motion for summary decision and ordered denial of the owner's license renewal application as well as revocation of petitioner's security

3

officer's certificate on January 2, 2020. In the summary decision, the ALJ noted that petitioner, as the opposing party, failed to submit a responding affidavit so as to establish any genuine issue of fact.

The Superintendent adopted the ALJ's initial decision on February 10, 2020 and denied petitioner's motion for reconsideration on April 9, 2020.

Petitioner appeals, arguing the Superintendent's final decision was arbitrary, capricious and without factual support, specifically that the NJSP did not have written proof that petitioner's permit to carry a gun was denied. He seeks reversal of the final decision and restoration of his license and certificate.

We use well-known principles for our review of a final agency decision. "Appellate courts have 'a limited role' in the review of such decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway St. Prison, 81 N.J. 571 (1980)). "[W]e do not ordinarily overturn such a decision 'in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence.'" In re Carter, 191 N.J. 474, 482 (2007) (quoting Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)). Indeed,

> the judicial role is generally restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying

4

the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result.'" Carter, 191 N.J. at 483 (quoting Greenwood v. St. Police Training Ctr., 127 N.J. 500, 513 (1992)). However, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

N.J.S.A. 45:19A-3 and 19A-4 govern the license renewal applications before us.[1] The supporting regulations for these statutes sanction applicants who

---

[1] N.J.S.A. 45:19A-3 is titled, "License; application; false statement or material omission of information; criminal convictions barring license; renewal, revocation, or renewal; violations; civil liability; 'employee's statement'; notice of termination." N.J.S.A. 45:19A-4 is titled, "Registration; application; convictions barring registration; education and training; revocation, suspension, or renewal of certificate; exception." These two statutes are part of the Security Officer Registration Act, 45:19A-1 to 12.

make false statements or material omissions.  See N.J.A.C. 13:55A-2.2(e) and N.J.A.C. 13:55A-3.7(a)(6).[2]

Petitioner asserts that the Superintendent did not have proof of the gun permit denial, however the record belies this assertion.  Petitioner filed two appeals in December of 2016 before Judge Cifelli.  He was clearly seeking relief from an unfavorable ruling.  His gun carry permit expired on December 16, 2016.  Petitioner then withdrew his appeals and Judge Cifelli entered an order which not only confirmed petitioner's withdrawal, but which emphasized that petitioner could not carry a gun "under any circumstances."  Months later, the petitioner filed his officer's registration and owner's license applications against the backdrop of his November 2016 gun permit denial.  He answered "no" to questions designed to determine if he had ever been denied a license or permit.

---

[2]  N.J.A.C. 13:55A-2.2(e) provides, "Any owner and operator of a security officer company seeking to be licensed who makes a false statement in, or knowingly omits any material information from, an application as required by this chapter, shall be subject to criminal penalties as specified by the Security Officer Registration Act."  N.J.A.C. 13:55A-3.7(a)(6) provides, "The Superintendent may deny any initial application for a security officer certificate of registration, revoke or suspend any current certificate of registration, or refuse to renew any certificate of registration" if "[t]he person holding a certificate, applying for a certification, or applying for renewal of certification, has knowingly made a false material statement or omitted information in an application or any other form required by the Superintendent under these rules . . . ."

A-3268-19

At best, petitioner omitted from the applications information about the status of his license to carry which was material to the NJSP's decision-making authority under each of the licensing statutes. At worst, petitioner's application answers were materially false.

On this record we conclude the final agency decision was not "arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence." Carter, 191 N.J. at 482. Any other arguments made by petitioner lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION